**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis Harlan BROWN, Defendant-
Appellant.**

**No. 71–1223.**

United States Court of Appeals,
Ninth Circuit.

Jan. 24, 1972.

Ely, Circuit Judge, concurred in the result and filed opinion.

Ralph C. Alldredge (argued), of Morrison, Foerster, Holloway, Clinton & Clark, San Francisco, Cal., for appellant.

Shelby R. Gott, Asst. U. S. Atty. (argued), Harry D. Steward, Stephen G. Nelson, Asst. U. S. Atty., Acting Chief, Crim.Div., San Diego, Cal., for appellee.

Before ELY, TRASK and CHOY, Circuit Judges.

CHOY, Circuit Judge.

Dennis H. Brown appeals his conviction by a jury of knowingly importing and transporting and concealing heroin and hycodan in violation of 21 U.S.C. §§ 173 and 174. We affirm.

1. Brown argues that the evidence produced at trial was insufficient to sustain a verdict of guilty. This is admittedly a close case. But given the narrow scope of review of a verdict rendered by a jury, we find that there was sufficient evidence to support the guilty verdict.

The Government's first witness was Glen R. Burrow, a customs inspector at the San Ysidro port of entry, who testified that Brown walked across the Mexican border at about 1:20 a. m. on July

23, 1969. The second prosecution witness was Jack Wells, another inspector, who testified that shortly after one o'clock on July 23, he inspected a 1959 Chevrolet pickup driven across the border from Mexico by Esther Mae Thulien. Her nervousness caused him to inspect the trunk, where he noticed that the holding clasp and nut which secured the spare tire were shiny rather than covered with dirt and dust. Deducing that the spare had been handled lately, Wells ordered a more thorough inspection of the pickup, which resulted in the discovery of the narcotics under the tire.

The final prosecution witness was Mrs. Thulien herself, who had been indicted with Brown. Her trial had been severed and was pending at the time she testified against Brown. Mrs. Thulien testified that she had driven to Mexico with Brown in the pickup, which he told her he had obtained as repayment of a debt. They spent the night in Ensenada, Mexico. The following day, at a nearby beach, Brown told her that one of the tires needed attention. As he was about to remove the tire, he sent Mrs. Thulien for Cokes. When she returned, they drove to a gas station where she "assumed" that Brown put air into the tire although she did not observe what he did to the tire.

After going to Tijuana, Brown and Mrs. Thulien ate dinner, did some individual shopping, and finally decided to return to California. Mrs. Thulien left Brown off a few blocks from the border, which he crossed on foot. She "got lost" but finally found the border crossing, where the pickup was searched, the narcotics discovered, and Mrs. Thulien arrested.

The defense presented no evidence whatsoever.

■ On the testimony of the three witnesses, the jury returned a guilty verdict. In reviewing this verdict, "[i]t is not for us to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Thus, in reviewing any conflicts in facts or in considering alternative inferences to be drawn from the facts, we must assume that the jury found the facts as the Government asserted them to be, that it believed the Government's witnesses, and that it drew all the reasonable inferences the Government wished it to draw.

■ In United States v. Nelson, 419 F.2d 1237 (9th Cir., 1969), we dealt with the special problem of reviewing verdicts based substantially on circumstantial evidence. Quoting Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1955), we held that circumstantial evidence is intrinsically no different from testimonial evidence, and that in each case we could require only that the jury, using its own experience with people and events in weighing the probabilities, should be convinced beyond a reasonable doubt. At 1240–1241. Accord, Sablan v. Guam, 434 F.2d 837 (9th Cir., 1970), which specifically disapproved Whaley v. United States, 362 F.2d 938 (9th Cir., 1966). We are satisfied that the jury could reasonably find beyond a reasonable doubt Brown was guilty of smuggling, transporting, and concealing the narcotics found in the pickup, and that there is substantial evidence to support the verdict.

The bulk of the Government's case is based on the circumstantial evidence supplied by Mrs. Thulien, an admittedly interested witness. However, four pieces of "hard" direct evidence appear in the record. First, Brown walked across the border shortly after 1:00 a. m. while Mrs. Thulien, his traveling companion, drove the pickup across the border at the same time. Second, Mrs. Thulien was nervous when questioned by the customs inspector. Third, the parts securing the spare tire had been recently handled. And fourth, the narcotics were found under the tire.

Mrs. Thulien supplied the circumstantial evidence which linked Brown to the

narcotics. She testified that the pickup belonged to him, that he suggested the trip to Mexico, and that he paid most of the expenses. She testified that he mentioned the spare tire to her, and she "assumed" he had done something with it. Although she asserted that she had not seen Brown buy or possess any narcotics while they were together in Mexico, he had been absent from her on at least four occasions. From this testimony, the Government sought to have the jury draw the inferences that during his absences, Brown bought the narcotics and placed them under the spare tire. We must assume that the jury drew exactly those inferences in reaching its guilty verdict.

2. Brown also contends that the trial court's failure to give an instruction specifically telling the jury to scrutinize carefully the testimony of an accomplice was error. Since, however, his trial counsel did not request such an instruction or object when it was not given, it is reversible error for the trial judge not to give the instruction *sua sponte* only if this constitutes "plain error" within the purview of Fed.R.Crim.P. 52(b). While a specific accomplice instruction would have provided more guidance, the trial judge did instruct the jury with care regarding the credibility of witnesses, telling them to "carefully scrutinize the testimony given, and in so doing, consider all the circumstances under which any witness has testified . . . [including the] relation [of] the Government, or the defendant to the witness; and the manner in which he or she might be affected by the verdict; and the extent of contradiction or corroboration by other evidence, if any . . ." Since there were only three witnesses, two of them customs officers who testified to uncontested facts, this instruction plainly referred to Mrs. Thulien's testimony. The jury was not unguided in weighing her testimony. It was not "plain error" to omit the accomplice instruction. United States v. Jones, 425 F.2d 1048, 1053 (9th Cir., 1970); Caldwell v. United States, 405 F.2d 613, 615 (9th Cir., 1969).

3. We have carefully considered Brown's contentions that the instructions given to the jury were faulty and imprecise and that certain comments made by the prosecuting attorney and rulings and remarks by the trial judge were prejudicial and misleading. We find no merit in any of these contentions.

Affirmed.

ELY, Circuit Judge (concurring):

I concur in the result. At the same time, I feel obliged to record my strong disagreement with the reasoning of United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969), cited by the majority. When the *Nelson* court issued its opinion, I believed that its departure from a rule honored by time and still followed by most of the world's English-speaking jurisdictions was wrong. I retain that belief, and when and if I am ever required to participate in the decision of a case wherein the applications of the *Nelson* test may be critical, I shall, if I have not then altered my views, fully explain them.