**UNITED STATES of America, Appellee,**

v.

**Milford E. COOK, Appellant.**

No. 73-2504.

United States Court of Appeals, Ninth Circuit.

Dec. 4, 1973.

---

[1] We also deny the appellant's motion seeking the production of certain documents pertaining to his arrest.

Thomas P. Keefe, of Walthew, Warner & Keefe and Emmet T. Walsh, Seattle, Wash., for appellant.

Laurence B. Finegold, Asst. U. S. Atty., Seattle, Wash., for appellee.

## OPINION

Before ELY, WRIGHT and KILKEN-NY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant's perjury conviction under 18 U.S.C. § 1621 was initially affirmed by a majority of the panel on August 23, 1972. Judge Ely, with his customary sagacity, dissented. Then along came Bronston v. United States, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), a decision which, in substantial part, considered the precise problems with which we are here concerned and, essentially, tracked the reasoning previously set forth by Judge Ely in this case. We recalled our judgment and remanded to the district judge for reconsideration in the light of the Supreme Court's opinion in *Bronston*. After due consideration, the district judge denied appellant's motion for a judgment of acquittal and for dismissal of the indictment. Hence, this second appeal.

After a careful analysis, we are unable to draw a meaningful distinction between the response to the ill phrased question before us,[1] and the unresponsive answer to the question in *Bronston*. Fairly interpreted, *Bronston* stands for the precept that a perjury conviction cannot be based on answers which are literally true, even though false information is conveyed by implication. A precise grammatical reading of the challenged question and answer demonstrates that Cook's answer was literally true. Consequently, *Bronston* controls on this issue.

Giving a reasonable interpretation to the entire record, we find no evidence to support a conviction under the second question and answer set forth in the indictment.[2]

The judgment of the lower court must be reversed and the indictment dismissed.

It is so ordered.

---

[1] "Q. Do you have any knowledge of law enforcement officers being paid by operators of gambling establishments?
  A. No. I do not."

[2] "Q. You don't have any knowledge of anybody currently on the force who participated in shakedowns?
  A. I do not."