**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Escarsega COSTEY, Defendant-Appellant.**

No. 75–3566.

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1977.

Amended April 20, 1977.

Rehearing and Rehearing En Banc Denied April 21, 1977.

Certiorari Denied June 13, 1977. See 97 S.Ct. 2928.

Mike Uretz, Robert C. Campbell, III, West Los Angeles, Cal., argued, for defendant-appellant.

Paul G. Flynn, Asst. U. S. Atty., Los Angeles, Cal., argued for plaintiff-appellee.

Before CHAMBERS and WALLACE, Circuit Judges, and JAMESON,* District Judge.

WALLACE, Circuit Judge.

Costey was indicted, along with several others, for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846, for possession, together with Riggio, of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and for aiding and abetting Riggio in the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Costey appeals from a conviction following a non-jury trial. We affirm.

■ Costey's primary contention on appeal is that the evidence was insufficient to sustain the judgment of conviction. As to the possession counts, he makes a persuasive argument. *See United States v. Gardner*, 475 F.2d 1273 (9th Cir.), *cert. denied*, 414 U.S. 835, 94 S.Ct. 178, 38 L.Ed.2d 70 (1973), and *United States v. Epperson*, 485 F.2d 514 (9th Cir. 1973). However, Costey received a concurrent sentence on all three counts. Therefore, if we affirm the conspiracy count, we need not consider the issues raised as to the possession counts. *United States v. Rodriguez*, 546 F.2d 302, 307 (9th Cir. 1976); *United States v. Murray*, 492 F.2d 178, 186 (9th Cir. 1973), *cert. denied*, 419 U.S. 854, 95 S.Ct. 98, 42 L.Ed.2d 87 (1974); *see Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

■ The conspiracy was clearly established and Riggio was obviously a member of it. Where a conspiracy is clearly proven, only slight evidence is needed for a jury to find participation in the conspiracy. *United States v. Turner*, 528 F.2d 143, 162 (9th Cir. 1975); *United States v. Westover*, 511 F.2d 1154, 1157 (9th Cir.), *cert. denied*, 422 U.S. 1009, 95 S.Ct. 2633, 45 L.Ed.2d 673 (1975); *United States v. See*, 505 F.2d 845, 856 (9th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975). In this case, the trial was held before a judge sitting without a jury. According to our research, the slight evidence rule has never been applied in this context. However, the burden of proof for a finding of guilt is the same whether trial is held before a judge or before a jury. Guilt must be proven beyond a reasonable doubt. *Holland v. United States*, 348 U.S. 121, 138, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Lake*, 482 F.2d 146, 149 (9th Cir. 1973). Because slight evidence of participation is sufficient for a jury to determine beyond a reasonable doubt that a defendant was guilty of participating in a proven conspiracy, the same quantum of evidence is sufficient to find guilt where trial is held before a judge.

■ Thus, the question on review in this case is whether the record shows the necessary slight evidence of Costey's participation. In making this determination, we must view the evidence and all reasonable inferences arising therefrom in a light most favorable to the government as the prevailing party. *United States v. Hood*, 493 F.2d 677, 680 (9th Cir.), *cert. denied*, 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 84 (1974).

There are several items of relevant evidence. Riggio indicated that he was not the top man. The telephone records demonstrate substantial communication between Riggio and Costey. There were a total of 77 telephone calls between the residences of the two men during the month of April 1975, including 11 calls on April 28 and 29, the day before and the day of the attempted sale of one pound of heroin.

On his way to the hotel where the sale was to occur, Riggio stopped at Costey's apartment building for 20 minutes and left with a coat over his hand and arm.

On the freeway leading to the hotel, Costey was seen to pull in directly behind Riggio's car and stay unusually close. While still on the freeway, Riggio signalled to

---

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by designation.

Costey to indicate the proper turnoff; Costey signalled back, indicating receipt of the message.

When the two cars arrived at the hotel, Riggio parked in the hotel parking lot. Costey parked nearby but there was no conversation between the two men. Riggio entered the hotel with a coat over his hand and arm. During the time period while Riggio was in the hotel, Costey waited in his car for 15 minutes, drove off for a period of two minutes, returned to the same parking space and then left his car and entered the hotel lobby.

We find that this constitutes the necessary slight evidence of participation. The evidence in the aggregate indicates that Costey intended to join and cooperate in the illegal venture. *Miller v. United States*, 382 F.2d 583, 587 (9th Cir. 1967).

AFFIRMED.