UNITED STATES of America,
Plaintiff-Appellee,

v.

John P. CLOUGHESSY,
Defendant-Appellant.

No. 77–1015.

United States Court of Appeals,
Ninth Circuit.

June 20, 1977.

As Amended July 26, 1977.

Rehearing Denied Aug. 24, 1977.

Wallace, Circuit Judge, filed dissenting opinion.

Michael L. Lipman, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., San Diego, California, for plaintiff-appellee.

Before CUMMINGS,* HUFSTEDLER, and WALLACE, Circuit Judges.

PER CURIAM:

Cloughessy appeals his conviction for conspiracy to defraud the United States in violation of 21 U.S.C. §§ 841(a)(1), 846 (1970). The sole issue on appeal is the sufficiency of the evidence to support his conviction.

During the first week of August 1976, codefendants Tadique and Rivera began negotiating with undercover agents in Seattle, Washington, for the sale of five pounds of heroin as part of a scheme to "burn" the Government by pretending to deal in heroin. Tadique and Rivera agreed to deliver heroin to the agents in San Diego on August 24, 1976. A series of further discussions took place in Chula Vista on August 24.

There is no evidence of any kind linking Cloughessy to the conspiracy prior to August 24. On August 24, Tadique met Cloughessy at a birthday party at the home of a mutual friend. Tadique, a casual acquaintance of Cloughessy, asked him if he would be willing to drive to Chula Vista to meet some friends. Cloughessy agreed. As Tadique and Cloughessy were leaving the party, their host, one Holt, asked them to pick up some butter for the party. Holt indicated that if they planned to be gone for a while, they should bring the butter to him before embarking on their excursion. On the way to Chula Vista, Cloughessy

---

* Honorable Walter J. Cummings, United States Circuit Judge, Seventh Circuit, sitting by designation.

picked up Rivera. Cloughessy remained in the car during the series of negotiations which took place in Chula Vista.

Between negotiating sessions, Cloughessy drove with Tadique and Rivera to Daisy's Restaurant where he got out and used the bathroom. He returned to the car, borrowed some money from his codefendants and re-entered Daisy's where he had some beer; Tadique and Rivera remained in the car. The undercover agents were also at Daisy's at this time.

After leaving the restaurant, Tadique saw the agents near the hotel and pointed them out to Cloughessy as the people whom he was meeting. Tadique and Rivera returned to the hotel. Shortly thereafter, one of the undercover agents left the hotel and drove to the D.E.A. office to get money for the buy. Cloughessy followed the agent. He explained at the trial that he recognized the undercover agent as one of Tadique's "friends" and followed the agent because he thought that it was strange that the "friend" had a new car when he was not supposed to have any transportation. The D.E.A. office is located in an unidentified building in an industrial area. Cloughessy followed the undercover agent back to the hotel. When the codefendants returned, Cloughessy told them of the incident. They were all arrested shortly thereafter. When Holt retrieved his car after the arrest, he found a sack of rancid butter in the front seat of the car.

■■■ Once the existence of a conspiracy has been established, only slight evidence is required to connect a defendant with it. (*United States v. Knight* (9th Cir. 1969) 416 F.2d 1181, 1184.) The evidence of a conspiracy between Tadique and Rivera was clear, but, viewing the evidence in the light most favorable to the Government (*United States v. Glasser* (1942) 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680), insufficient evidence linked Cloughessy with that conspiracy. Evidence has to be produced to show that Cloughessy had knowledge of the conspiracy and acted in furtherance of it. Mere casual association with conspiring people is not enough. (*United States v.*

*Calaway* (9th Cir. 1975) 524 F.2d 609, 614; *United States v. Basurto* (9th Cir. 1974) 497 F.2d 781, 793.) No direct evidence of Cloughessy's participation in the conspiracy was introduced. The testimony was directly to the contrary. His codefendants testified that Cloughessy was not a party to the conspiracy and that he did not participate in any of the negotiations or discussions with the conspirators. The fact that the butter for the Holt birthday party was found in the car supports Cloughessy's claim that he only expected to be driving for a short time and that he had no involvement with the conspiracy. Of course, the district court could discredit the testimony of Cloughessy and his codefendants. But disbelief alone cannot prove either his knowledge of the conspiracy or his participation in it. To be sure, Cloughessy's beer drinking at Daisy's and his following the undercover agent may give rise to some suspicion that he knew something was up, but we cannot say that these equivocal facts are of sufficient substantiality to warrant a justifiable inference of knowledge and participation. The Government's evidence was too thin to carry its burden. (*Cf. Miller v. United States* (9th Cir. 1967) 382 F.2d 583, 586–87.)

REVERSED.

WALLACE, Circuit Judge, dissenting:

I respectfully dissent. I cannot agree that the government's evidence was insufficient to uphold the conviction.

The government clearly established the existence of a conspiracy involving at least Tadique and Rivera. Once the conspiracy was proven to exist, only slight evidence was needed to connect Cloughessy with it. *United States v. See*, 505 F.2d 845, 856 (9th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975); *United States v. Jit Sun Loo*, 478 F.2d 401 (9th Cir. 1973). This quantum of evidence will suffice regardless of whether the trial is heard by a judge or jury. *United States v. Costey*, 554 F.2d 909, 910 (9th Cir. 1977). The slight evidence can be circumstantial— proof of a formal agreement is not neces-

sary. *See United States v. Westover*, 511 F.2d 1154 (9th Cir.), *cert. denied*, 422 U.S. 1009, 95 S.Ct. 2633, 45 L.Ed.2d 673 (1975). Further, in considering sufficiency, items of circumstantial evidence must be viewed in aggregate form, not in isolation. *United States v. Calaway*, 524 F.2d 609, 612 (9th Cir. 1975), *cert. denied*, 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976).

Thus, the central question in this case is whether the record discloses the required slight evidence of Cloughessy's participation in the conspiracy. The evidence presented at trial establishes that Cloughessy drove Tadique and Rivera to the Royal Inn where the two of them met with undercover government agents to arrange a heroin transaction. When the agents went to a Daisy's Restaurant after the meeting, Cloughessy sat in the restaurant lounge until the agents departed. Cloughessy subsequently returned to the Inn with his codefendants and remained in the car while they went in to again meet with the agents. While waiting, Cloughessy observed one of the agents exit the Inn and drive off in an automobile. Cloughessy tailed the car and watched, from behind some trees, as the agent entered a building. He then followed the agent back to the Inn and informed his codefendants where the agent had gone.

Cloughessy did take the stand in an attempt to provide an exculpatory explanation for his involvement in the scheme. The trial court, however, expressly found Cloughessy's testimony unbelievable and "an affront to the court." If there is other evidence of his guilt, disbelief of Cloughessy's testimony can be considered as evidence to sustain the finding of guilt. *United States v. Hood*, 493 F.2d 677, 681 (9th Cir. 1974); *United States v. Dixon*, 460 F.2d 309 (9th Cir. 1972); *see United States v. Cisneros*, 448 F.2d 298, 305 (9th Cir. 1971). That other evidence is clearly adequate when considered, as it must be, in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), drawing all reasonable inferences supportive of the government's position, *United States v. Brown*, 454 F.2d 397, 398 (9th Cir.), *cert. denied*, 406 U.S. 959, 92 S.Ct. 2067, 32 L.Ed.2d 346 (1972).

Although circumstantial in nature, the other evidence implies that Cloughessy was involved in the conspiracy. His actions in the restaurant and surveillance of the agent who left the Inn cannot be reasonably accounted for except as in furtherance of the planned crime. The trial court so found.

The events surrounding the conspired crime, when viewed collectively, together with the finding of disbelief of Cloughessy, raise a reasonable inference that Cloughessy was an active participant in the misdeed. They are certainly more than adequate to constitute the slight evidence needed to sustain Cloughessy's conviction. The judgment should, therefore, be affirmed.