UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Dennis YOUNG,
Defendant-Appellant.

No. 77–1585.

United States Court of Appeals,
Ninth Circuit.

April 26, 1978.

David P. Curnow (argued), San Diego, Cal., for defendant-appellant.

John J. Robinson, Asst. U. S. Atty. (argued and on the brief), Terry J. Knoepp, U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before BROWNING and CHOY, Circuit Judges, and FERGUSON,* District Judge.

CHOY, Circuit Judge:

Ronald Young was convicted of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and was sentenced to six years in prison followed by

* Honorable Warren G. Ferguson, United States District Judge for the Central District of California, sitting by designation.

three years parole. He had been tried twice previously for the same offense; the guilty verdict of the first was vacated, and a mistrial declared in the second. We affirm his conviction in the third.

On appeal, Young raises four issues: (1) that there was insufficient evidence to support his conviction; (2) that testimony of his involvement in other drug offenses was improperly admitted; (3) that the trial court erred in denying a motion for continuance to permit proper cross-examination of a key witness; and (4) that his sentence should not have exceeded the three-year sentence given at the first trial.

## I. Facts and Proceedings Below

On September 17, 1974, two DEA undercover agents and co-defendants Michael Jones and Joanne Ulak met James Hunter, another co-defendant, in an alley close to Hunter's residence for the purpose of buying one pound of cocaine. Hunter left the group twice to make phone calls; each time he indicated that he had to make contact with his supplier before the transaction could be completed.

Shortly after Hunter's phone calls, at approximately 1 A.M., surveillance agents observed a car drive into the apartment area and slowly pull to the curb with its lights out. Hunter entered the car, which was then driven to the opposite end of the alleyway where the agents' car was parked. Hunter got out of the car and was observed carrying a package underneath his clothing. Upon Hunter's delivery of the package to the agents and their verification that it contained cocaine, both he and the driver of the car, Ronald Young, were arrested.

At the second and third trials, but not the first, Hunter gave testimony that exculpated Young from any connection with the transaction. He confirmed Young's testimony, given at the first trial, that he had met with Young in order to repay a debt. At the third trial, the Government called Ann Marie Johnson to testify about drug transactions with Young in Rochester, New York, in 1974 and 1975. It is this testimony that appellant contends should have been excluded.

## II. Sufficiency of Evidence

 Viewing the evidence presented and all inferences arising therefrom in a light most favorable to the Government as the prevailing party, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Costey*, 554 F.2d 909, 910 (9th Cir.), *cert. denied*, 431 U.S. 968, 97 S.Ct. 2928, 53 L.Ed.2d 1065 (1977); *United States v. Ramirez-Rodriquez*, 552 F.2d 883, 884 (9th Cir. 1977), we conclude that there was sufficient evidence for the jury to determine beyond a reasonable doubt that Young was guilty of conspiracy. Conspiracy may be proved by evidence entirely circumstantial and viewed collectively. *United States v. Calaway*, 524 F.2d 609, 612 (9th Cir. 1975), *cert. denied*, 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976). Furthermore, it is the jury's exclusive function to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts. *United States v. Ramirez-Rodriquez*, 552 F.2d at 884; *United States v. Nelson*, 419 F.2d 1237, 1241 (9th Cir. 1969).

 The jury could well infer from the evidence that Hunter, who was dealing directly with the undercover agents, made his phone calls to Young and that when Young drove to the location of the sale, he passed the cocaine to Hunter for delivery to the buyers. Hunter's testimony that Young was in an alleyway with his car lights out at 1 A.M. to collect a $50 debt was obviously not believed by the jury. Young's knowing participation in the conspiracy could be inferred from his actions in the car and from testimony of similar transactions.

## III. Evidence of Other Narcotics Transactions

 The trial court's admission of Ann Marie Johnson's testimony concerning Young's involvement in narcotics transactions with her in 1974 and 1975 was well within the discretion allowed it under Fed. R.Evid. 404(b). This rule is an inclusionary

one: unless introduced only to prove criminal disposition, evidence of other crimes and acts is admissible when relevant to issues at trial. *United States v. Rocha,* 553 F.2d 615, 616 (9th Cir. 1977); *United States v. Riggins,* 539 F.2d 682, 683 (9th Cir. 1976), *cert. denied,* 429 U.S. 1045, 97 S.Ct. 749, 50 L.Ed.2d 758 (1977). Here the testimony was relevant to showing intent, motive, knowledge, lack of accident and opportunity.

 In admitting relevant evidence under rule 404(b), the trial court must balance the probative value of the evidence against the possibility that the jury would be prejudiced against the defendant because of his participation in other criminal conduct. *See* Advisory Committee Note, Fed.R.Evid. 404(b). This determination is generally a matter of discretion for the trial court. *United States v. Hearst,* 563 F.2d 1331, 1336 (9th Cir. 1977); *United States v. Rocha,* 553 F.2d at 616. We find no abuse of that discretion here. Young's knowledge of the conspiracy and his intentional participation were at issue. Furthermore, prior to and after Johnson's testimony, the court gave the jury limiting instructions on prior and subsequent acts and on accomplice testimony. These instructions, together with the Government's statement in its closing argument stressing the limited purpose of Johnson's testimony, adequately minimized the prejudicial effect on Young.

## IV. *Denial of Motion for Continuance*

 We find no merit in appellant's argument that the trial judge's failure to grant a continuance prevented adequate cross-examination of Johnson. Appellant's trial counsel was given her name and the substance of her testimony well before trial, and, at appellant's request, Johnson remained at the courthouse for possible recall for further cross-examination. Under these circumstances, we can see no abuse of the trial court's discretion in denying the motion for continuance. *See United States v. Bryan,* 534 F.2d 205, 206 (9th Cir. 1976); *United States v. Harris,* 501 F.2d 1, 4–5 (9th Cir. 1974).

## V. *Imposition of Greater Sentence After Retrial*

 Young argues that a longer sentence was impermissibly imposed in reliance on narcotics trafficking which occurred concurrently with the offense he was convicted for, albeit this information did not come to light until after his second trial. We note first that *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), does not preclude a trial judge from imposing a heavier sentence in the light of events subsequent to a previous trial, when these events add to his understanding of the defendant's "life, health, habits, conduct, and mental and moral propensities." 395 U.S. at 723, 89 S.Ct. at 2079. This additional information may come from evidence adduced at the later trial, from a new presentence report or "possibly other sources." *Id.*

*Pearce* does require, however, when a more severe sentence is imposed after a new trial that the reasons for doing so affirmatively appear. Moreover, these reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. *Id.* at 726, 89 S.Ct. at 2081.

Examination of the record leads us to conclude that the six-year sentence was lawful. The sentencing judge took into account Young's indictment in New York for conspiracy with intent to distribute heroin. This indictment was returned on December 9, 1976, well after the February 10, 1975 date of original sentence. Certainly a subsequent indictment for drug trafficking in another part of the country is an event throwing new light on a defendant's habits, conduct, and mental and moral propensities. Furthermore, this indictment included charges of criminal activity well past the date of the original sentencing. The sentencing judge was also aware that the New York case would be disposed of by Young's guilty plea under Fed.R.Crim.P. 20, and made it clear that he wanted the judge in that proceeding to know of Young's sentence in the instant case.

Under these circumstances, we find both the post-February 10, 1975 charges supporting the New York indictment and Young's decision to plead guilty thereto to be conduct on the part of the appellant occurring after the original sentencing procedure which could be properly taken into account in imposing a greater sentence on retrial.[1]

The judgment of the district court is therefore

AFFIRMED.

---

1. The record in this case contains no evidence of vindictive motivation, nor does the appellant contend that the sentencing judge was vindictive. Since the due process guarantee of *Pearce* consists wholly of requiring that vindic- tiveness play no part in sentencing after a new trial, these circumstances further compel affirmance. *Moon v. Maryland*, 398 U.S. 319, 320–21, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970).