958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto LAZO, Humberto Romero, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo TRELLES, Defendant-Appellant.
 Nos. 90-10575, 90-10601 and 90-10590.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1991.
Decided March 24, 1992.
As Amended on Denial of Rehearing in
No. 90-10590 May 29, 1992.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The principal issues in these cases are (1) whether the warrantless entry, the search warrant, and the warrantless arrest of Humberto Lazo were legal; (2) whether the evidence against Lazo was sufficient to support his conviction; and (3) whether the conduct of the district court judge was improper and justifies a new trial.
 
 I. Denial of Motion to Suppress Evidence
 
 3
 A warrantless entry of a residence is justified when the police, acting on probable cause and in good faith, reasonably believe that the destruction of evidence is imminent. See United States v. Kunkler, 679 F.2d 187, 191-92 (9th Cir.1982).
 
 
 4
 First, we must determine whether probable cause existed to enter and secure the residence and whether there were exigent circumstances justifying a warrantless entry.
 
 
 5
 The information from the reliable confidential informant, from the police surveillance of the residence, and from the encounter with Trelles and codefendant Fernando Rios provided probable cause to believe cocaine would be found inside the house. Trelles and Romero argue that the police should have questioned the validity of the tip from the confidential informant because the police found no drugs in the black Mitsubishi automobile or on the occupants, Trelles and Rios, and because the occupants had said they were in search of a mechanic. However, Detective Foreman apparently drew the reasonable conclusion that the drug deal simply had been delayed because of mechanical problems with the Oldsmobile. That theory was not inconsistent with the informant's tip. Thus, it was reasonable to believe that the drugs were still in the house. See United States v. Hicks, 752 F.2d 379, 384 (9th Cir.1985). In addition, the informant provided detailed descriptions that were drawn from his personal observations inside the residence. Several details were verified by the police surveillance and contact with Romero and Rios. Furthermore, the informant had provided accurate information to Detective Foreman in the past. See United States v. Alexander, 761 F.2d 1294, 1300 (9th Cir.1985).
 
 
 6
 In considering whether exigent circumstances existed, we must determine whether the police had reason to believe, at the moment of their entry, that the suspects would flee or evidence would be destroyed if the premises were not secured. We conclude such a belief was reasonable. Two of the men the police had previously observed were still inside the residence. The police reasonably feared that those occupants would become concerned if the other two did not return, and that they might flee or destroy the evidence before a warrant could be obtained. See Hicks, 752 F.2d at 384.
 
 
 7
 Trelles and Romero argue that the securing operation was actually an illegal search to confirm that cocaine was stored in the Rios residence and that what was learned through the search prompted the police to seek a warrant. We conclude that the search was not merely a confirmatory search.
 
 
 8
 Detective Foreman testified at the suppression hearing that he had decided to seek a warrant before any officers entered the residence and that prior to entering the residence he had directed the officers assisting him to secure it "pending an effort by myself going back to my office and writing an affidavit for a search warrant."
 
 
 9
 Romero argues that what was learned in that entry "may have played a key role in the Magistrate's decision to issue a warrant." The issue is whether the warrant was supported by a sufficient showing of probable cause independent of any information obtained in the warrantless entry. See United States v. Salas, 879 F.2d 530, 537 (9th Cir.), cert. denied, 493 U.S. 979 (1989).
 
 
 10
 The affidavit relied in part on the statements of the informant. Romero and Trelles argue that the informant's reliability and veracity were not established in the affidavit, and that the affiant omitted material information from the affidavit. The magistrate should assess an informant's veracity, reliability, and basis of knowledge in light of the totality of the circumstances to determine the value of the informant's report in establishing probable cause. Illinois v. Gates, 462 U.S. 213, 230; United States v. Fixen, 780 F.2d 1434, 1436 (9th Cir.1986). The affidavit provided the magistrate with information (1) that the informant had based his tip on what he had seen and heard while in the Rios house; (2) that the informant previously had provided tips that had been corroborated and had resulted in arrests; and (3) that police observations had corroborated several details of the tip (identification of the two vehicles and the presence of "Humberto" and other Latino men from Los Angeles at the residence).
 
 
 11
 Trelles complains that some of the information provided by the informant was not corroborated by the police. For example, the two cars were to depart within a certain time frame, one was to contain the drugs, and both were to proceed to a drug transaction. The affiant, Detective Foreman, knew the occupants of the black hatchback were on their way to get a mechanic, not to sell drugs, and that the car did not contain drugs. Although Foreman did not include this information in his affidavit, the police need not report negative findings to the magistrate. United States v. Watts, 848 F.2d 134, 137 (9th Cir.), cert. denied, 488 U.S. 928 (1988). Even if all the information known to Foreman had been presented in the affidavit, we conclude that a magistrate could reasonably have found probable cause to issue a warrant. See United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986); United States v. Ippolito, 774 F.2d 1482, 1486-87 and n. 1 (9th Cir.1985).
 
 
 12
 Countersurveillance, as observed by Detective Foreman, is another indicant of illegal activity. United States v. Del Vizo, 918 F.2d 821, 826 (9th Cir.1990). The affidavit also demonstrated a sufficient nexus between the object of the search and the place to be searched. See United States v. Ramos, 923 F.2d 1346, 1351-53 (9th Cir.1991). Adequate evidence independent of any acquired at the residence supported issuance of the warrant.
 
 
 13
 Lazo argues that the police did not have probable cause to arrest him and, therefore, his post-arrest statements made to Officer Giles should have been suppressed. Lazo waived his right to challenge his post-arrest statements on this ground because he failed to raise this ground in a pre-trial motion to suppress the post-arrest statements. United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987).
 
 
 14
 Lazo claims the Government did not produce sufficient evidence to prove he was part of the conspiracy. The Government argues that Lazo waived his right to challenge the sufficiency of the evidence by failing to move for a judgment of acquittal during the trial. See United States v. Harden, 846 F.2d 1229, 1232 (9th Cir.), cert. denied, 488 U.S. 910 (1988). On occasion, we have "reviewed 'waived' sufficiency of the evidence arguments under the plain error standard." See United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). We will do so in this case.
 
 
 15
 To support a conviction for conspiracy, the government must prove "(1) an agreement (2) to engage in criminal activity and (3) one or more overt acts in furtherance of the conspiracy." United States v. Hernandez, 876 F.2d at 777. The agreement may be inferred from the facts and circumstances of the case. Once the government establishes that a conspiracy exists, evidence of only a slight connection to the conspiracy is necessary to convict a defendant of knowing participation. United States v. Arbelaez, 719 F.2d 1453, 1458 (9th Cir.1983), cert. denied, 467 U.S. 1255 (1984). Mere casual association with conspirators is not enough; the government must show that the defendant had knowledge of the conspiracy and acted in furtherance of it. United States v. Cloughessy, 572 F.2d 190, 191 (9th Cir.1977).
 
 
 16
 The evidence linking Lazo to the conspiracy consisted of Rios' testimony that Romero, Trelles, and Lazo travelled to Bakersfield to deliver and sell the cocaine which was removed from the trunk of the Oldsmobile and taken into the Rios house by Trelles, and Agent Giles' testimony of Lazo's post-arrest statement in which Lazo said he had agreed to drive someone to Bakersfield for that person to conduct a cocaine transaction, although Lazo would not permit the cocaine to be transported in his own car; that he had seen and touched cocaine in the trunk of another car in a parking lot in Los Angeles; and that he had overheard Rios discussing the purchase price of the cocaine with someone over the telephone on the morning of November 17.
 
 
 17
 The jury was entitled to believe the testimony of Rios and Giles, and that evidence was sufficient to connect Lazo to the conspiracy and to show Lazo's knowing participation in the venture to sell cocaine. There is no plain error.
 
 
 18
 B. Evidence of Possession and Aiding and Abetting Distribution
 
 
 19
 A conviction for possession with intent to distribute may be based on co-conspirator liability, aiding and abetting, or exercising dominion and control over the contraband. United States v. Sanchez-Mata, 925 F.2d 1166, 1168-69 (9th Cir.1991). The evidence was sufficient to convict Lazo under all three theories based on Rios' testimony and on Lazo's post-arrest statements to Giles.
 
 III. Judicial Misconduct
 
 20
 Appellants Trelles and Lazo claim their right to a fair trial was violated by the judge's conduct during trial. A federal judge's conduct during trial is reviewed for abuse of discretion. United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989); United States v. Greene, 698 F.2d 1364, 1375 (9th Cir.1983). This standard, which applies to Lazo's claim, requires the judge to avoid the appearance of advocacy or partiality. United States v. Sanchez-Lopez, 879 F.2d 541, 552 (9th Cir.1989). However, the judge is "not expected to sit mute and impassive, speaking only to rule on motions or objections." United States v. Eldred, 588 F.2d 746, 749 (9th Cir.1978). The trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and to prevent undue repetition. United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1986). The judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality. Id. Trelles made no objection to the judge's interjections during the trial. Consequently, in regard to Trelles, the trial judge's conduct is reviewed for plain error. Sanchez-Lopez, 879 F.2d at 551.
 
 
 21
 Trelles and Lazo contend the trial judge denied them their Sixth Amendment right to a fair and impartial trial and their Fifth Amendment right to due process by repeatedly interjecting himself into the proceedings and by insulting the prosecutor. They argue that by continually belittling the prosecutor, the trial judge cast the Government in the role of underdog, causing the jury to convict them out of sympathy for the battered attorney. Upon careful consideration of this claim, we find that the conduct of the trial judge did not violate the constitutional rights of the appellants. It is difficult to conceive of a jury actually convicting defendants because the judge had been critical of the prosecutor. Conduct that reflected or conveyed a bias against the defense attorneys would present an entirely different question.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3