72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fonda SNYDER, Defendant-Appellant.
 No. 94-10598.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Dec. 6, 1995.
 
 Before: NORRIS, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm Snyder's convictions.
 
 
 3
 Her chief contention on appeal is that the United States did not present sufficient evidence to show she had the intent necessary to participate in a racketeering conspiracy. "Once a conspiracy exists, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993) (citations and quotation marks omitted). To prove this connection, "[e]vidence has to be produced to show that [the defendant] had knowledge of the conspiracy and acted in furtherance of it. Mere casual association with conspiring people is not enough." United States v. Cloughessy, 572 F.2d 190, 191 (9th Cir.1977) (citations omitted).
 
 
 4
 Snyder's job was, in essence, to further the conspiracy. Therefore, the government need only show she knew of the conspiracy to connect her to it. There is ample evidence in the record to justify a rational jury's conclusion that Snyder knew of the conspiracy. A jury could rationally believe that Snyder knew of the fraudulent nature of Tradeworld's schemes, that she signed a false name in correspondence to the State Attorney General of New York to avoid identifying herself, that she was aware of her employer's fear of the postal inspectors, etc. Therefore, the government succeeded in connecting Snyder to the conspiracy.
 
 
 5
 Snyder also contends that the government failed to prove she possessed the intent necessary to aid and abet money laundering and mail fraud. The intent elements of aiding and abetting are: "(1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense...." United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990) (citation and quotation marks omitted).
 
 
 6
 For the same reasons a jury could conclude Snyder knew of the conspiracy, a jury could conclude that Snyder both knew of Tradeworld's criminal schemes--with their attendant mail fraud and money laundering--and wished them to succeed. She was an employee of Tradeworld, paid by its illegal proceeds. She presumably did not wish Tradeworld to fail.
 
 
 7
 Snyder's final contention is that the court erred by refusing to instruct the jury on her theory of the case--which was that she was an innocent bystander who lacked criminal intent. This court reviews de novo the issue of whether instructions adequately covered the defense's theory. United States v. Duran, 59 F.3d 938, 941 (9th Cir.1995), petition for cert. filed, (U.S. Oct. 10, 1995) (No. 95-6349).
 
 
 8
 "[A] criminal defendant is entitled to have a jury instruction on any legal defense to the charge against him which has some foundation in the evidence." United States v. Chen, 933 F.2d 793, 796 (9th Cir.1991) (citation omitted). However, "[s]o long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." Id. (citations and quotation marks omitted). Appellate courts review district court instructions as a whole and "consider how they will reasonably be understood by the jury in the context of the whole trial." Id. (citations and quotation marks omitted).
 
 
 9
 The court's instructions were perfectly adequate. If the jury followed these instructions, it could not convict Snyder without finding appropriate criminal knowledge and intent. Therefore, the judge adequately instructed the jury on the defense's innocent bystander theory of the case. See Chen, 933 F.2d at 796 (holding that jury instruction was adequate because, "if followed by the jury, [it] was sufficient to preclude a conviction if the jury believed" the defense's theory of the case).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3