134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio Daniel BOBADILLA, Defendant-Appellant.
 No. 96-50568.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1998.
Decided Jan. 21, 1998.
 
 Before: LAY**, GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sergio Daniel Bobadilla appeals his jury conviction and 188-month sentence imposed for conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1).
 
 
 3
 Bobadilla first challenges the sufficiency of the evidence to support his conviction as a member of the conspiracy. "Once a conspiracy exists, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987).
 
 
 4
 Here the evidence viewed in a light most favorable to the prosecution shows the prosecution's case is more than sufficient. On November 30, 1995, Bobadilla spent at least two hours at the stash house, where cocaine was later found concealed in the vents. Large amounts of money and drug paraphernalia, as well as weapons, were also found. He left the stash house in a Toyota and engaged in countersurveillance driving, picked up an unidentified male, and returned to the stash house. The next day, December 1, law enforcement stopped Bobadilla as he was driving away from the stash house in a Mazda. The Mazda contained an illegally cloned cellular telephone, and a hidden compartment where drugs had been carried within 24 to 34 hours earlier. Bobadilla was also identified as resembling a man who went to a storage unit loaded with amphetamines, and 5 months later, he himself transported by motor vehicle 43 packages of marijuana. A law enforcement officer provided testimony that his conduct, particularly in being granted access to a stash house that was obviously used for no other purpose, was inconsistent with any conduct other than knowledge and participation in the conspiracy.
 
 
 5
 The evidence here is far stronger than the cases upon which appellant relies, where the evidence was found to be insufficient because there was an innocent explanation for the defendant's conduct, and the government failed to provide sufficient evidence of wrongdoing. See United States v. Ramos-Rascon, 8 F.3d 704 (9th Cir.1993); United States v. Bautista-Avila, 6 F.3d 1360 (9th Cir.1993); United States v. Lopez, 625 F.2d 889 (9th Cir.1980); United States v. Cloughessy, 572 F.2d 190 (9th Cir.1977). None of those cases involved a suspect who engaged in countersurveillance driving, possessed unlawful communications devices, and repeatedly visited a stash house.
 
 
 6
 Appellant next contends that his conviction for possession must be reversed for insufficiency of the evidence. However, the conviction may be affirmed on the basis of co-conspirator liability. See United States v. Pinkerton, 328 U.S. 640, 645-47 (1946).
 
 
 7
 Appellant also contends the district court abused its discretion in admitting evidence of his subsequent bad act of transporting marijuana. The district court did not abuse its discretion pursuant to Federal Rule of Evidence 404(b). See United States v. Young, 573 F.2d 1137, 1140 (9th Cir.1978) (stating that subsequent narcotics transaction was relevant to show "intent, motive, knowledge, lack of accident and opportunity"). The fact that the marijuana transportation occurred five months after the acts charged in the indictment does not make it too remote in time. See United States v. Corona, 34 F.3d 876, 881-82 (9th Cir.1994) (11-month period between defendant's arrest and time drug customer was found in defendant's wallet not too remote). Bobadilla's contention that marijuana and cocaine are not similar also lacks merit. See United States v. Bobo-Rodriquez, 922 F.2d 1398, 1401-02 (9th Cir.1991).
 
 
 8
 Bobadilla's bad act is also admissible under Federal Rule of Evidence 403 because the probative value is not substantially outweighed by unfair prejudice. This is especially true given the court's limiting jury instruction that jurors could use the evidence of marijuana transportation only to show intent and knowledge to participate in the drug conspiracy. See United States v. Bailleaux, 685 F.2d 1105, 1109 (9th Cir.1982).
 
 
 9
 Bobadilla finally contends that he was entitled to either a minimal or minor role reduction pursuant to U.S.S.G. § 3B1.2. The circumstantial evidence shows that appellant was a trusted member of a large scale conspiracy. There is no evidence in the record suggesting he had a minor or minimal role.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3