**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50230 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01094-WDK-5 |
| v. | |
| KELECHI AJOKU, aka Kelechi Ajouku, | MEMORANDUM* |
| Defendant - Appellant. | |

On Remand From The United States Supreme Court

Argued and Submitted September 16, 2014
San Francisco, California

Before: GOODWIN, HAWKINS, and WARDLAW, Circuit Judges.

Kelechi Ajoku ("Ajoku") was convicted of four counts of making a false statement relating to a health care benefit program under 18 U.S.C. § 1035. On appeal, Ajoku challenges the district court's jury instruction on the statute's "willfulness" mental state element. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for a new trial.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

As conceded by the government in its opposition brief to Ajoku's petition for certiorari, the district court erred by giving an instruction on the element of "willfulness" that does not comply with *Bryan v. United States*. *See* 524 U.S. 184, 191-92 (1998) ("As a general matter, when used in the criminal context, a willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." (footnote and internal quotation marks omitted)). It is thus undisputed that Ajoku's jury received an erroneous instruction.

We apply harmless-error analysis to cases involving improperly instructed juries on a single element of the offense. *See Neder v. United States*, 527 U.S. 1, 9-10 (1999). On the record before us, we are unable to conclude that it is "clear beyond a reasonable doubt that a rational jury would have found [Ajoku] guilty" of the charges had it been properly instructed. *Id.* at 18. We therefore reverse and remand for a new trial or other proceedings consistent with this disposition.

**REVERSED AND REMANDED.**