**NOT FOR PUBLICATION**



FILED

JAN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10481 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00337-JCM-CWH-1 |
| v. | |
| TARA MAZZEO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and MARTINEZ, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Ricardo S. Martinez, U.S. District Judge for the Western
District of Washington, sitting by designation.

Defendant-Appellant Tara Mazzeo appeals her conviction on two counts of making false statements to a government official in violation of 18 U.S.C. § 1001, for which she was sentenced to five years of probation without conditions of confinement. Mazzeo contends that the district judge committed reversible error in excluding the government agent's handwritten notes from evidence and that there was insufficient evidence to support the jury's verdict. Mazzeo additionally argues that the district court plainly erred in failing to instruct the jury that the element of willfulness for a § 1001 crime requires knowledge of unlawfulness. We have jurisdiction under 28 U.S.C. § 1291. We ordered supplemental briefing regarding Mazzeo's challenge to the district court's jury instruction related to willfulness and affirm as to all issues raised in the case.

The district court's exclusion of evidence during trial is reviewed for abuse of discretion. *United States v. Evans*, 728 F.3d 953, 959 (9th Cir. 2013). Under this deferential standard, we consider whether the district court's evidentiary decision was based on "consideration of the relevant factors" and whether there was a "clear error of judgment." *United States v. Soulard*, 730 F.2d 1292, 1296 (9th Cir. 1984). The district judge did not abuse his discretion in determining that the notes had little, if any, probative value on the basis of Mazzeo's proffers at trial. Even if in error, the exclusion neither rose to the level of a deprivation of Mazzeo's constitutional rights, *cf. United States v. Pineda-Doval*, 614 F.3d 1019, 1032-33

(9th Cir. 2010), nor undermined the weighty evidence offered against Mazzeo so as to more probably than not affect the jury's verdict, *see United States v. Gwaltney*, 790 F.2d 1378, 1384-85 (9th Cir. 1986).

Mazzeo's argument, presented for the first time upon appeal, that the excluded notes were inconsistent with evidence produced at trial is reviewed for plain error. *See Hudspeth v. Comm'r*, 914 F.2d 1207, 1215 (9th Cir. 1990). This argument fails because the distinctions that Mazzeo points to are ones without a difference. Considering the ample evidence supporting the jury's verdict and the jury's opportunity to fully consider the defense's theory that Mazzeo understood the questions differently from the agents even absent the notes, we cannot say that any possible error seriously affected the fairness and integrity of the proceedings so as to warrant reversal. *See United States v. Romero-Avila*, 210 F.3d 1017, 1022-23 (9th Cir. 2000) (declining to reverse for plain error where prosecutor presented independent evidence of defendant's guilt).

Mazzeo's challenge to the sufficiency of the evidence, preserved by motion for acquittal, is reviewed de novo. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir. 2002). Mazzeo argues that her conviction for false statements cannot be sustained where the interview on which it was based was not recorded and where the government failed to otherwise prove the precise language of the questions to which the jury found her answers false. These arguments fail on several grounds.

This is not an instance where a single, ambiguous question could have lent itself to separate interpretations, with respect to one of which the defendant's answer was literally true. *Cf. United States v. Cook*, 489 F.2d 286, 286 (9th Cir. 1973). Rather, the jury was presented with starkly contrasting versions of questions asked and answers given by Mazzeo. We decline to invade the jury's exclusive province to evaluate the credibility of witnesses in order to resolve such evidentiary conflicts. *See United States v. Young*, 573 F.2d 1137, 1139 (9th Cir. 1978) ("[I]t is the jury's exclusive function to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts.").

We also decline to adopt a new, bright-line rule barring § 1001 prosecutions absent a recording of the incriminating interview. In false statements cases, the full context in which the statements were uttered is to be evaluated in determining the sufficiency of the evidence. *See United States v. Sainz*, 772 F.2d 559, 562 (9th Cir. 1985). Drawing all reasonable inferences in favor of the government, *see United States v. Corona-Verbera*, 509 F.3d 1105, 1117 (9th Cir. 2007), we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) (quoting *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007)).

Mazzeo's challenge to the jury instruction on willfulness is reviewed for plain error, as there was no objection at trial. *United States v. Garrido*, 713 F.3d

4

985, 994 (9th Cir. 2013). "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed.R.Crim.P. 52(b). Nonetheless, we cannot correct an error pursuant to Rule 52(b) "unless the error is clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). That is, for an error to be "plain," it must be "contrary to the law at the time of appeal." *Johnson v. United States*, 520 U.S. 461, 468 (1997). Mazzeo argues that the district court's error in failing to instruct the jury that knowledge of unlawfulness is required for a § 1001 crime is plain in light of the government's concession of error and our unpublished decision in *United States v. Ajoku*, 584 Fed.Appx. 824 (9th Cir. 2014). We disagree.

As *Ajoku* addressed a conviction under 18 U.S.C. § 1035, it did not disturb the longstanding precedent in this circuit that, under 18 U.S.C. § 1001, "willfully" means only "deliberately and with knowledge." *United States v. Tatoyan*, 474 F.3d 1174, 1182 (9th Cir. 2007) (citing *Browder v. United States*, 312 U.S. 335, 341 (1941)); *United States v. Heuer*, 4 F.3d 723, 732 (9th Cir. 1993). Mazzeo points to no intervening authority displacing this holding. Whether or not the "willfulness" element for a § 1001 crime should be altered is a question for another day. As the district court's error, if any, is not obvious under current law, Mazzeo's conviction must stand.

**AFFIRMED.**

5