**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORY MICHAEL EGLASH,

Defendant - Appellant.

No. 14-30132

D.C. No. 2:13-cr-00040-RSM-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 6, 2015
Seattle, Washington

Before: WALLACE, KLEINFELD, and CHRISTEN, Circuit Judges.

After a jury trial, Cory Michael Eglash was convicted of one count of

conspiracy to defraud the United States under 18 U.S.C. § 286, one count of

making a false statement to the United States under 18 U.S.C. § 1001(a) (2), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

four counts of mail fraud under 18 U.S.C. § 1341.[1] Eglash raises numerous arguments on appeal, asserting that the district court committed plain error by improperly instructing the jury and that the court abused its discretion by excluding certain evidence. Eglash also challenges the sufficiency of the evidence supporting his false statement and mail fraud convictions. We see no error in the district court's jury instructions and its evidentiary rulings were within its discretion. We affirm the district court's judgment on the false statement conviction.[2]

1.      The district court did not commit plain error by failing to instruct the jury that a false statement under 18 U.S.C. § 1001 requires that the defendant act with knowledge that his conduct was unlawful. The court's ruling was not "contrary to the law at the time of appeal." *See Johnson v. United States*, 520 U.S. 461, 468 (1997). Eglash's reliance on *Ajoku v. United States*, 134 S. Ct. 1872 (2014), is misplaced because that case involved a conviction under 18 U.S.C. § 1035, *see United States v. Ajoku*, 584 F. App'x 824, 824 (9th Cir. 2014) (on remand), and did not disrupt the well-established principle that 18 U.S.C. § 1001

_____

[1]      The parties are familiar with the facts, so we do not recount them here.

[2]      Here, we address the district court's ruling that the Government offered sufficient evidence to prove that the subject documents were mailed. In a separate opinion issued concurrently, we assess Eglash's claim that two counts of his mail fraud convictions were not supported by sufficient evidence.

2

requires only that the defendant act "'deliberately and with knowledge.'" *See, e.g.,*
*United States v. Mazzeo*, 592 F. App'x 559, 561–62 (9th Cir. 2015) (quoting
*United States v. Tatoyan*, 474 F.3d 1174, 1182 (9th Cir. 2007)); *Tatoyan*, 474 F.3d
at 1182. Further, the mass of evidence supporting the false statement conviction
here persuades us that there is no "'reasonable probability that [any] error affected
the outcome'" and prejudiced Eglash. *See United States v. Gonzalez-Aguilar*, 718
F.3d 1185, 1189 (9th Cir. 2013) (emphasis omitted) (quoting *United States v.*
*Marcus*, 560 U.S. 258, 262 (2010)).

2.     The district court did not commit plain error by failing to instruct the
jury that "good faith is a complete defense" to "intent to defraud." The court
properly instructed the jury "[a]n intent to defraud is an intent to deceive or cheat,"
and that the jury "may determine whether the defendant had an honest, good faith
belief in the truth of the alleged specified misrepresentations in determining
whether or not [he] acted with intent to defraud." *See United States v. Shipsey*, 363
F.3d 962, 967 (9th Cir. 2004). We reject Eglash's challenge because "a criminal
defendant has 'no right' to *any* good faith instruction when the jury has been
adequately instructed with regard to the intent required to be found guilty of the
crime charged." *Id*.

3.     The district court did not commit reversible error by failing to instruct the jury that a conviction under 18 U.S.C. § 286 requires that the false statements be material.  Eglash's false statements were extensive and clearly material to the fraudulent scheme and to his eligibility for benefits.  There is no reasonable probability that any error affected the outcome of the trial because there was overwhelming evidence before the jury.  *See Gonzalez-Aguilar*, 718 F.3d at 1189.

4.     Eglash claims insufficient evidence supports his false statement conviction because he in good faith understood the underlying document to require only recitation of his employment history up until the year he "claimed his disability began."  "Because [Eglash] failed to move for a judgment of acquittal during trial [on this issue], we review his sufficiency-of-the-evidence claim for plain error," *see United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003), and we hold that he fails to satisfy this strict standard.  We agree with the Government that Eglash's claim of disability was itself a false statement, and that if he had been truthful he would have listed all employment through all years because he never lost the ability to work.

5.     The district court did not abuse its discretion by excluding Fromdahl's disciplinary records.  The records pertained to conduct that was unrelated to Eglash or the instant case.  The district court properly excluded them because they

4

constituted extrinsic evidence of "[s]pecific instances of a witness's conduct in order to attack . . . the witness's character for truthfulness," *see* Fed. R. Evid. 608(b), and their "probative value [wa]s substantially outweighed by a danger of . . . confusing the issues [and] wasting time," *see* Fed. R. Evid. 403.

6.      Finally, Eglash challenges his conviction on all four counts of mail fraud on the ground that the Government presented insufficient evidence that any of the underlying documents were mailed.  Here, the Government presented evidence of mailing through custom-and-practice testimony offered by two claim representatives.  We have held that such testimony supplies sufficient, albeit circumstantial, proof of mailing under these circumstances.  *See United States v. Lo*, 231 F.3d 471, 477 (9th Cir. 2000) ("[W]here the question is whether a document that did exist and did reach its destination was in fact mailed rather than arriving in some other manner, some small measure of custom and practice evidence is likely to be a necessary link in the chain of mailing evidence.  Clerical personnel often will not be able to testify directly to precisely what documents were in fact placed in the United States Postal Service box.  So, in those circumstances, there is no plausible negative inference to be drawn from the absence of more direct evidence.");  *United States v. Green*, 745 F.2d 1205, 1208 (9th Cir. 1984) ("Direct proof of mailing is not required.  Evidence of routine

custom and practice can be sufficient to support the inference that something is mailed." (citation omitted)).  We therefore affirm the district court's ruling that the Government offered sufficient evidence to show proof of mailing.

**AFFIRMED.**