UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel Richard ESPARZA,
Defendant–Appellant.

No. 87–5248.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 1989.*

Decided May 31, 1989.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Elizabeth A. Barranco, Sheela, Barranco & Sheela, San Diego, Cal., for defendant-appellant.

Carol C. Lam, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before SNEED, FARRIS and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Richard Daniel Esparza appeals the denial of his motion for judgment of acquittal and his conviction by a jury on one count of conspiracy to transport illegal aliens, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(B); and four counts of transporting an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 2. Esparza contends that the evidence, viewed in the light most favorable to the government, was insufficient to support his convictions for conspiracy and transporting of illegal aliens. We agree and reverse.

## BACKGROUND

In assessing the sufficiency of the evidence to support Esparza's convictions, we are required to view the evidence in the light most favorable to the government and determine whether there was sufficient evidence from which a jury could rationally conclude beyond a reasonable doubt that Esparza was guilty of each count charged. *See United States v. Toomey,* 764 F.2d 678, 680 (9th Cir.1985), *cert. denied,* 474 U.S. 1069, 106 S.Ct. 828, 88 L.Ed.2d 799 (1986). In addressing this question, the evidence viewed most favorably to the government shows that: Border patrol agents stopped a convoy that included a furniture moving van and a Dodge van. Hidden in the moving van were forty-eight illegal aliens. Border Patrol Agent Herrera testified that alien smugglers often travel in a tandem arrangement in which a "lead" vehicle guides a "load" vehicle that contains aliens. According to the agents, the Dodge appeared to have guided the moving van onto Interstate 5 by passing the moving van, pausing near the freeway on-ramp, flashing its lights as the moving van approached from the rear, and then following the moving van onto the freeway. Esparza was a front-seat passenger in the Dodge during this maneuver. Stein, the driver of the moving van, testified that he and Brenner, the driver of the Dodge, were traveling together. Three of the illegal aliens testified that they were initially transported by a van to the furniture moving van. The evidence showed that the moving van and the Dodge had been owned by the same person, and that blankets typically used in moving furniture were found in the Dodge.

## DISCUSSION

### I. Conspiracy

The circumstantial evidence presented by the government was sufficient to prove the existence of a conspiracy in which Brenner and Stein acted together in furtherance of the common illegal goal of transporting illegal aliens. *See United States v. Penagos,* 823 F.2d 346, 348 (9th Cir.1987).

Once the existence of a conspiracy has been established, the government must prove the defendant's connection to the conspiracy beyond a reasonable doubt.

*United States v. Dunn,* 564 F.2d 348, 357 (9th Cir.1977). Proof of the defendant's connection to the conspiracy requires a showing that the defendant knew of the existence of the conspiracy and acted with the intent to further its goals. *See Penagos,* 823 F.2d at 348 (conviction requires evidence of action in furtherance of the conspiracy); *Dunn,* 564 F.2d at 356 (those knowingly participating in the conspiracy are guilty of the crime); *United States v. Cloughessy,* 572 F.2d 190, 191 (9th Cir. 1977) (evidence must be produced that defendant had knowledge of the conspiracy and acted in furtherance of it).

The Judicial Council of the Ninth Circuit promulgated the following suggested jury instruction regarding the proof needed to show a defendant's membership in a conspiracy: "[Y]ou must find that this defendant joined the conspiracy and did so knowing of the unlawful plan and intending to help carry it out." *Manual of Model Jury Instructions for the Ninth Circuit,* 68–69 (1985 Ed.).[1]

As regards the defendant's membership in the conspiracy, it should be remembered that

> [o]nce the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, *even though the connection is slight,* is sufficient to convict him with knowing participation in the conspiracy. Thus, the word "slight" properly modifies "connection" and not "evidence." It is tied to that which is proved, not to the type of evidence or the burden of proof.

*Dunn,* 564 F.2d at 357 (emphasis in original); *see also United States v. Baron,* 860 F.2d 911, 919 (9th Cir.1988) (government need only provide evidence of slight connection between defendant and conspiracy) (citing *Penagos,* 823 F.2d at 348), *cert. denied,* —— U.S. ——, 109 S.Ct. 1944, —— L.Ed.2d ——; *United States v. Huber,* 772 F.2d 585, 589 (9th Cir.1985).

■ In the instant case, the evidence showed that Esparza was a front-seat passenger in the Dodge. But the government presented no evidence that Esparza knew of the conspiracy or that he knew that illegal aliens were hidden in the moving van. Nor did the government present evidence that Esparza did anything to assist in transporting the aliens or that he agreed to assist in transporting them. There was also no evidence presented by the government to show that Esparza knew that the Dodge and the moving van were traveling together or that he knew any of the individuals driving or riding in either of the vehicles.[2]

■ Despite the lack of evidence demonstrating Esparza's knowledge of, participation in, or action in furtherance of the conspiracy, the government asserts that his connection to the conspiracy may be inferred from one of three factors. First, the government contends that the magnitude and secrecy of the conspiracy indicated that Esparza was a knowing participant. This argument does not work because the government provided no evidence that Esparza knew of the conspiracy or committed any act in furtherance of it. *See Penagos,* 823 F.2d at 348 (conviction

---

1. Devitt and Blackmar's model jury instruction for proof of a defendant's membership in a conspiracy states:

> Before the jury may find that a defendant ... has become a member of a conspiracy, the evidence in the case must show beyond a reasonable doubt that the conspiracy was knowingly formed, and that the defendant ... willfully participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy.

2 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 27.05 (1977).

2. Esparza's presence with members of the conspiracy at the scene where the arrests were

made is insufficient by itself to connect him to the conspiracy because there is no evidence that Esparza had knowledge of or took any action in furtherance of the conspiracy. *See United States v. Melchor–Lopez,* 627 F.2d 886, 891 (9th Cir.1980) (there can be no conviction for guilt by association); *Penagos,* 823 F.2d at 348 (conspiracy conviction reversed despite evidence that defendant was at crime scene scanning up and down the street); *Cloughessy,* 572 F.2d at 191 (conspiracy conviction reversed, although defendant was an acquaintance of conspirators and present in car with conspirators during heroin deal).

requires evidence of action in furtherance of conspiracy).[3]

Next, the government contends that there is no rational explanation for Esparza's presence in the Dodge unless he was a participant in the conspiracy. This contention also fails because Border Patrol Agent Harner testified that the illegal aliens were hidden in the moving van, that there was no evidence that the aliens were in plain view, and that there was no evidence that Esparza had occasion to observe any criminal activity. Considered in its factual context, Esparza's presence as a passenger in the Dodge is not a sufficient basis to infer that he knew of the conspiracy or participated in it. *See Penagos*, 823 F.2d at 348.

Finally, the government contends that Esparza's prior conviction for alien smuggling shows that he knew of and intended to participate in the conspiracy. This final contention does not help the government. Even assuming the prior conviction was properly admitted to show lack of mistake, this is not enough to support Esparza's conviction in the instant case. To sustain the conspiracy conviction, there must be independent evidence of Esparza's knowledge of or participation in the conspiracy. *See id.*

Esparza's presence while conspirators were transporting illegal aliens and his previous conviction for transporting several illegal aliens in his car is insufficient evidence from which a jury could rationally conclude beyond a reasonable doubt that he was connected to the conspiracy. *See United States v. Toomey*, 764 F.2d 678, 680 (9th Cir.1985), *cert. denied*, 474 U.S. 1069, 106 S.Ct. 828, 88 L.Ed.2d 799 (1986). Therefore, we reverse Esparza's conviction for conspiracy. *See Penagos*, 823 F.2d at 348; *Huber*, 772 F.2d at 589; *Dunn*, 564 F.2d at 357.

## II. Transporting Illegal Aliens

The government presented evidence that Esparza was sitting in the front seat of a Dodge traveling in a convoy with a moving van that contained forty-eight illegal aliens, but presented no evidence that Esparza participated in transporting the illegal aliens, knew that illegal aliens were present in the moving van, or acted willfully in furtherance of the violation of any law. The government has not provided sufficient evidence from which a jury could rationally conclude beyond a reasonable doubt that Esparza was guilty of transporting illegal aliens. *See Toomey*, 764 F.2d at 680. Therefore, the conviction on the transportation counts must be reversed as well. *See United States v. Shaddix*, 693 F.2d 1135, 1137–38 (5th Cir.1982) (crime of transporting illegal alien requires in part a showing that defendant transported alien unlawfully within the United States, knew alien was in the United States in violation of the law, and acted in willful furtherance of alien's violation of the law).

REVERSED.

SNEED, Circuit Judge, concurring separately:

I agree that under our law appellant was not proven to be other than an innocent bystander beyond a reasonable doubt. However, were I a bookmaker, I would say that the odds on his *not* being an innocent bystander are at least five to one. It is not the odds, however, that prevent upholding appellant's convictions. Rather, it is the absence of any proof that appellant did anything other than being there. That deficiency in the proof must preclude conviction of participating in the conspiracy if the "innocent bystander" defense is to have vitality.

---

**3.** On two occasions in which this court found that knowing participation could be inferred from proximity to a large-scale conspiratorial operation, there was independent evidence of the defendant's knowledge or participation. *See United States v. Allen*, 675 F.2d 1373, 1384 (9th Cir.1980) (alleged participants in marijuana conspiracy had been paid $10,000 for a few hours of work moving heavy containers), *cert.*

denied, 454 U.S. 833, 102 S.Ct. 133, 70 L.Ed.2d 112 (1981); *see also United States v. Humphrey*, 759 F.2d 743, 750–51 (9th Cir.1985) (defendants present on boat which reeked of marijuana), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1371, 94 L.Ed.2d 686 (1987). Here, there was no evidence of Esparza's knowledge of or participation in the conspiracy.

Thus, although we say that the jury did not evaluate the proof properly, I submit that our reversal rests on a legal principle, *viz.*, mere presence of an accused, in the absence of any other evidence linking the accused to the crime charged, precludes conviction of the accused of that crime. If this were not the true basis of our decision in this case, I would vote to affirm.