990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin CORONA-MENDOZA, Defendant-Appellant.
 No. 92-30138.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1993.
Decided March 30, 1993.
 
 Before WRIGHT, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Martin Corona-Mendoza appeals his conviction of conspiracy to possess cocaine with intent to distribute it and possession of cocaine with intent to distribute it. According to Corona-Mendoza, the evidence offered at trial is insufficient to support his conviction for conspiracy because it fails to establish that he knew that a cocaine transaction was taking place or that he knowingly assisted in furthering the transaction. In addition, Corona-Mendoza asserts that the evidence is insufficient to sustain his conviction on the possession count because the government failed to establish that he had actual knowledge that there was cocaine present.
 
 
 3
 We affirm.
 
 DISCUSSION
 
 4
 In evaluating whether the evidence is sufficient to support Corona-Mendoza's conviction, we must determine whether, on viewing all of the evidence in the light most favorable to the government, any rational trier of fact could have found beyond a reasonable doubt the elements of the crimes for which Corona-Mendoza was convicted. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). In making this determination, we draw all reasonable inferences in favor of the government. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (citations omitted).
 
 
 5
 Corona-Mendoza maintains that the government failed to carry its burden of proof that Corona-Mendoza was knowingly involved in a conspiracy to possess cocaine, that Corona-Mendoza knew that the object of the informant's offer was to obtain cocaine and that he was aware that there was cocaine on the premises.
 
 
 6
 I. CONSPIRACY TO POSSESS COCAINE WITH INTENT TO DISTRIBUTE IT
 
 
 7
 The crime of conspiracy comprises three elements: (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of the illegal purpose and (3) the intent requisite for the underlying substantive offense. Penagos, 823 F.2d at 348. Once it is established that a conspiracy existed, evidence that establishes beyond a reasonable doubt Corona-Mendoza's connection, no matter how slight, with the conspiracy is sufficient to sustain his conviction. Id. Proof that Corona-Mendoza was connected with the conspiracy requires a showing that Corona-Mendoza knew of the conspiracy and acted with the intent to further its goals. United States v. Esparza, 876 F.2d 1390, 1392 (9th Cir.1989). While Corona-Mendoza's mere proximity to illegal activity would not be enough to support an inference that he was connected with the conspiracy, his presence, when considered in the context of other evidence, is probative of that nexus. Penagos, 823 F.2d at 348.
 
 
 8
 When construed in a light most favorable to the government, the evidence supports the conclusion beyond a reasonable doubt that a conspiracy to possess cocaine with intent to distribute it existed and that Corona-Mendoza knowingly participated in the conspiracy. The trial testimony shows that the confidential informant had had extensive contact with Corona-Mendoza prior to the date of the undercover operation; that Corona-Mendoza demonstrated a willingness to sell the informant a kilo of cocaine; that Corona-Mendoza was instrumental in negotiating the price; that Corona-Mendoza assured the informant that he and his co-conspirator, Jorge Rojas, would obtain the cocaine; that Corona-Mendoza instructed the informant to wait at the Folsom Avenue residence while he and Rojas attempted to obtain it; that, on returning to the residence with Rojas and a third conspirator, Arturo Garza-Paniagua, Corona-Mendoza conveyed to the informant that they had succeeded in procuring the kilo of cocaine; that Corona-Mendoza was in the room when Rojas handed over the cocaine; that Corona-Mendoza became upset when the informant announced that he had left his money and scale in his car; and that Corona-Mendoza set out with the informant to fetch the money and scale. The government offered into evidence a Safeway receipt taken from Corona-Mendoza's shirt pocket at the time of his arrest that reflected the purchase of a box of plastic bags of the type that was discovered along with cocaine and other physical evidence of cocaine possession and dealing in the search of the back bedroom of the apartment.
 
 
 9
 Corona-Mendoza argues that other aspects of the case weaken the effect of the government's evidence incriminating him: None of the defendants ever testified that Corona-Mendoza was a conspirator; the informant never testified specifically that Corona-Mendoza had seen cocaine changing hands; and the informant did not state that Corona-Mendoza had used the word "cocaine" in his discussions with the informant or his co-conspirators. In addition, Corona-Mendoza points out, the government did not offer into evidence the conversations recorded via the wire concealed in the informant's cap and the government never presented fingerprint evidence linking Corona-Mendoza with any of the evidence seized in the Folsom Avenue residence.
 
 
 10
 The government's case against Corona-Mendoza would have been stronger had this testimony and evidence been offered at trial, but the absence of this testimony and evidence does not undermine our conclusion that the trial testimony and corroborating physical evidence are more than sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that Corona-Mendoza was knowingly engaged in the conspiracy to possess cocaine with intent to distribute it.
 
 
 11
 Corona-Mendoza also argues that the government provided no basis for the conclusion that Corona-Mendoza was aware that the informant was referring to cocaine when he stated that he wanted a "kilo." In making this argument, Corona-Mendoza implies that our holding in United States v. Bailey, 607 F.2d 237 (9th Cir.1979), cert. denied, 445 U.S. 934 (1980), obligates the government to produce expert witness testimony as to the meaning of words and phrases commonly used in drug transactions. We reject this suggestion. Bailey concerned the permissibility of using expert testimony to explain the meaning of code words used during drug transactions. We have never ruled that the government must produce expert testimony to explain code words and this case demonstrates why such a ruling is unnecessary. After his arrest for dealing cocaine, the confidential informant told law enforcement officials that Corona-Mendoza was his supplier. On searching the Folsom Avenue residence, the narcotics investigators found cocaine and evidence linking Corona-Mendoza with the residence. These facts are sufficient without the aid of expert testimony to support the inference that by "kilo" the confidential informant meant "kilogram of cocaine."
 
 
 12
 II. POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE IT
 
 
 13
 The evidence also supports Corona-Mendoza's conviction for possession of cocaine with intent to distribute it. To sustain the possession conviction, the government must have produced sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that Corona-Mendoza (1) knowingly (2) possessed cocaine (3) with intent to distribute it. United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991).
 
 
 14
 The government may satisfy the second element of the crime by producing evidence establishing that Corona-Mendoza was in constructive possession of the cocaine. United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863 (1989). To prove that Corona-Mendoza was in constructive possession, the government may show that he exercised " 'sufficient dominion and control [over the cocaine] to give him the power of disposal.' " Id. (citations omitted). Constructive possession may also be proved by evidence of Corona-Mendoza's participation in a 'joint venture' to possess a controlled substance, that is, evidence that Corona-Mendoza "had a role in directing or planning the acquisition or transportation of the [cocaine]." United States v. Smith, 962 F.2d 923, 930 (9th Cir.1992); see also Hernandez, 876 F.2d at 778 (holding that constructive possession may be established by proof of participation in joint venture). Constructive possession may be proved by circumstantial evidence. Hernandez, 876 F.2d at 778.[1]
 
 
 15
 The government has demonstrated beyond a reasonable doubt that Corona-Mendoza exercised dominion and control over the cocaine such that he had a power of disposal over it. The trial testimony showed that Corona-Mendoza played an integral role in negotiating the transaction; that he provided assurances to the informant that he and Rojas would be able to obtain the cocaine; that he indicated to the informant that he and Rojas had obtained the cocaine; that he was present when Rojas delivered the cocaine to the confidential informant; that he was upset at the news that the informant had not brought along his money and scale; and that he accompanied the informant on the trip through town to fetch the money and scale. Physical and documentary evidence links Corona-Mendoza to the Folsom Avenue residence where the negotiations occurred and the cocaine was seized. The circumstantial evidence, in combination with the trial testimony, is more than sufficient to sustain Corona-Mendoza's conviction for possession of cocaine with intent to distribute.
 
 
 16
 In addition, this evidence supports the conclusion that Corona-Mendoza constructively possessed the cocaine under the joint venturer theory. Hernandez, 876 F.2d at 778 (citations omitted). The testimony demonstrates that Corona-Mendoza "had a role in directing or planning the acquisition or transportation of the [cocaine]." Smith, 962 F.2d at 930. On the basis of this testimony and the physical evidence seized during the search of the apartment, a rational trier of fact could conclude beyond a reasonable doubt that Corona-Mendoza knowingly possessed cocaine with intent to distribute it.
 
 
 17
 We AFFIRM Corona-Mendoza's conviction for conspiracy to possess cocaine with intent to distribute it and for possession of cocaine with intent to distribute it.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because no Pinkerton instruction was given, see Pinkerton v. United States, 328 U.S. 640 (1946), we decline to address the government's argument that Corona-Mendoza's conviction of possession may be upheld on that theory. United States v. Disla, 805 F.2d 1340, 1349-50 (9th Cir.1986)