999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ausencio HERNANDEZ-GARZA, Defendant-Appellant.
 No. 92-30130.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1992.
Decided July 9, 1993.
 
 Before WRIGHT, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Ausencio Hernandez-Garza appeals his conviction on counts of (1) conspiracy to possess cocaine with intent to distribute it, 21 U.S.C. § 846, and (2) possession or aiding and abetting the possession of cocaine with intent to distribute it, 21 U.S.C. § 841 and 18 U.S.C. § 2. Hernandez-Garza contends that the evidence offered at trial is insufficient to support his conviction because it fails to show that he knew that there was cocaine on the premises, was aware of a conspiracy to possess cocaine with intent to distribute it or acted knowingly in concert with others and with the purpose of furthering the conspiracy.
 
 
 3
 We affirm.
 
 DISCUSSION
 
 4
 In evaluating whether the evidence is sufficient to support Hernandez-Garza's conviction, we must determine whether, on viewing all of the evidence in a light most favorable to the government, any rational trier of fact could have found beyond a reasonable doubt the elements of the crimes for which Hernandez-Garza was convicted. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). In making this determination, we draw all reasonable inferences in favor of the government. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (citations omitted).
 
 
 5
 I. IS THE EVIDENCE SUFFICIENT TO SUPPORT HERNANDEZ-GARZA'S CONVICTION OF CONSPIRACY TO POSSESS COCAINE WITH INTENT TO DISTRIBUTE IT?
 
 
 6
 The crime of conspiracy comprises three elements: (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of the illegal purpose and (3) the intent requisite for the underlying substantive offense. Penagos, 823 F.2d at 348. Once it is shown that a conspiracy existed, evidence that establishes beyond a reasonable doubt Hernandez-Garza's connection, even though slight, with the conspiracy is sufficient to sustain his conviction. Id. Proof that Hernandez-Garza was connected with the conspiracy requires a showing that he knew of the conspiracy and acted with the intent to further its goals. United States v. Esparza, 876 F.2d 1390, 1392 (9th Cir.1989). While Hernandez-Garza's mere proximity to illegal activity would not be enough to support an inference that he was connected with the conspiracy, his presence, when considered in the context of other evidence, may be probative of that nexus. Penagos, 823 F.2d at 348.
 
 
 7
 When construed in a light most favorable to the government, the evidence permits the finding beyond a reasonable doubt that a conspiracy to possess cocaine with intent to distribute it existed and that Hernandez-Garza knowingly acted in furtherance of the conspiracy. The trial testimony shows that Hernandez-Garza's codefendant Martin Corona-Mendoza and Jorge Rojas were involved in a joint effort to sell cocaine to the informant; that Hernandez-Garza was present while Rojas, Corona-Mendoza and the informant, conversing in English and Spanish, worked out the terms of the cocaine deal; that Hernandez-Garza carried out Corona-Mendoza's order, which was delivered in English, to fetch the car; that, on getting into the car that Hernandez-Garza was driving, the informant told Hernandez-Garza that they were going to fetch the informant's scale and money; that the informant gave Hernandez-Garza directions to the location of his car in English and that Hernandez-Garza appeared to understand them; and that as he chauffeured the informant and Corona-Mendoza to pick up the money and scales he became agitated when he spotted a marked Yakima police car.
 
 
 8
 This evidence is sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that Hernandez-Garza knew that an agreed cocaine transaction was taking place and that he intended to further the transaction when he brought the car in compliance with Corona-Mendoza's order and drove Corona-Mendoza and the informant to fetch the informant's money and scale. See id., 823 F.2d at 348-49.
 
 
 9
 We conclude that the evidence is sufficient to sustain Hernandez-Garza's conviction for conspiracy to possess cocaine with intent to distribute. See id.
 
 
 10
 II. WAS THE EVIDENCE SUFFICIENT TO SUSTAIN HERNANDEZ-GARZA'S CONVICTION FOR AIDING AND ABETTING THE POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE IT?
 
 
 11
 The evidence is sufficient to sustain Hernandez-Garza's conviction of aiding and abetting the possession of cocaine with intent to distribute it if it shows that Hernandez-Garza in some way associated himself with the criminal venture, that he participated in it as something that he wished to bring about and that he sought by his action to make it succeed. United States v. Lane, 514 F.2d 22, 26-27 (9th Cir.1975) (citations omitted); accord United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991); United States v. Disla, 805 F.2d 1340, 1352 (9th Cir.1986). An abettor's intent can be inferred from circumstantial evidence. United States v. Reese, 775 F.2d 1066, 1072 (9th Cir.1985).
 
 
 12
 A rational trier of fact could conclude beyond a reasonable doubt that Hernandez-Garza participated in the criminal venture with the design of assisting his codefendants in consummating the cocaine transaction. The evidence supports the inference that Hernandez-Garza knew that his companions were engaged in selling cocaine; that Hernandez-Garza was acting as a lookout when he left the apartment while Corona-Mendoza and Rojas packaged the cocaine and delivered it to the informant; and that Hernandez-Garza was aware, when he drove the car in which Corona-Mendoza and the informant were passengers, that the purpose of the trip was to collect the informant's money and scale. See Lane, 514 F.2d at 27.
 
 
 13
 Accordingly, we reject Hernandez-Garza's contention that the evidence is insufficient to support his conviction for aiding and abetting the possession of cocaine with the intent to distribute it. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3