Joel AMBRIZ–VASQUEZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70618.
INS No. A92–597–784.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided March 20, 2001.

Before REINHARDT, WARDLAW,
and GOULD, Circuit Judges.

MEMORANDUM *

Joel Ambriz–Vasquez ("Ambriz–Vasquez") petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge decision finding him deportable for alien smuggling pursuant to 8

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

U.S.C. § 1251(a)(1)(E)(i) (1991).[1] The BIA adopted the Immigration Judge's finding that Ambriz's and his witnesses' testimony was incredible, and primarily on this basis concluded that the INS had met its burden of proving Ambriz–Vasquez deportable.

Ambriz–Vasquez asserts that the finding that his testimony was not credible is not supported by substantial evidence. He further contends that, as he testified, he did not provide the immigrants with any aid in entering the U.S. illegally, and that the INS did not meet its burden of proving him deportable.

■■■ An adverse credibility finding is a factual finding, upheld if supported by substantial evidence in the form of "specific, cogent reasons," and it may not be based on "speculation and conjecture." *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000). The personal belief of the Immigration Judge or the BIA that the uncontradicted facts as presented are too remarkable to be believed is generally not a proper basis for a finding of adverse credibility. *See, e.g., Salaam,* 229 F.3d at 1238; *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000); *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000); *Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996).

■■ In this case, the INS presented no evidence to contradict the facts as presented in the testimony of Ambriz–Vasquez and his witnesses. The only reason stated for the adverse credibility finding was the Immigration Judge's, and BIA's, belief that the facts as presented were too "incredible and unbelievable" to be plausible. This speculation is not a proper basis for an adverse credibility finding.

■■ Absent the adverse credibility finding, the INS presented only circumstantial evidence to support a finding of deportabil-

ity for alien smuggling. The INS bears the burden of proving deportability by "clear, unequivocal, and convincing evidence." *Woodby v. INS,* 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). The INS offered no direct evidence to contradict the testimony of Ambriz–Vasquez and his witnesses that he provided no assistance. It produced no evidence that Ambriz–Vasquez had knowledge of the presence of the second car, intended to lead it, or gave any other aid. The INS merely asserted that the family relationships of the persons involved and the close proximity of the two cars supported a finding of alien smuggling.

The circumstantial evidence relied on by the INS simply does not rise to the level of clear, unequivocal, and convincing evidence required to prove deportability. *See United States v. Esparza,* 876 F.2d 1390 (9th Cir.1989) (finding that far more substantial circumstantial evidence did not support a criminal conviction for alien smuggling).

In the absence of the adverse credibility finding, the finding of the BIA that the INS has met its burden of proving Ambriz–Vasquez deportable for alien smuggling is not supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, we grant Ambriz–Vasquez's petition and reverse the decision of the Board of Immigration Appeals.

PETITION GRANTED.

---

1. 8 U.S.C. § 1251(a)(1)(E)(i) has been redesig- nated as 8 U.S.C. § 1227(a)(1)(E)(i).