**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Benita BENITEZ–AUGUSTIN,
Defendant—Appellant,**

No. 01–50482.
D.C. No. CR–00–902–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided March 7, 2003.

Before B. FLETCHER and HAWKINS, Circuit Judges, and BURY, District Judge.*

MEMORANDUM**

Benita Benitez–Augustin appeals her conviction by a jury for harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), and for conspiring to harbor illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Benitez–Augustin argues that there was insufficient evidence to sustain her convictions. She also raised sentencing issues, which her counsel concedes, are now moot because she has served the sentence.

Evidence is sufficient to support a criminal conviction if "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); *United States v. Hinton,* 222 F.3d 664, 669 (9th Cir.2000), *cert. denied,* 531 U.S. 1200, 121 S.Ct. 1209, 149 L.Ed.2d 122 (2001). "All reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict." *United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1201–02 (9th Cir.2000). The Court presumes that all issues of witness credibility were resolved below in favor of the government, and generally credibility issues are immune from appellate review. *United States v. Bancalari,* 110 F.3d 1425, 1428 (9th Cir.1997).

"Challenges to the sufficiency of evidence are most frequently reviewed under the difficult standard articulated in *Jack-*

* The Honorable David C. Bury, United States District Court Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*son v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, . . . ." *United States v. Timmins,* 301 F.3d 974, 983 (9th Cir. 2002). If, however, like Benitez–Augustin, the defendant fails to move for a judgment of acquittal at the close of evidence, the standard of review is plain error or the prevention of a manifest miscarriage of justice. *United States v. Archdale,* 229 F.3d 861, 867 (9th Cir.2000). Since the evidence was patently sufficient to support Benitez–Augustin's convictions under either test, "any practical difference between the standards of review is irrelevant." *Timmins,* 301 F.3d at 983 (citing, *Alvarez–Valenzuela,* 231 F.3d at 1201).

Harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), requires the Government to prove the following: 1) a person was an alien; 2) the alien was not lawfully in the United States; 3) the defendant knew or was in reckless disregard of the fact that the person was not lawfully in the United States; and 4) the defendant concealed, harbored, or shielded the person from detection.

Benitez–Augustin does not dispute the first two elements. She argues only that the Government failed to present sufficient evidence that she knowingly harbored, concealed, and shielded the illegal aliens from detection. At trial, her defense was that she was an innocent bystander, who did not know she was harboring and concealing illegal aliens.

■ At trial, the Government presented evidence of numerous conversations that Benitez–Augustin had with the illegal aliens and the codefendants to show that she was a knowing and willing participant in the smuggling conspiracy. The alien witnesses testified that shortly after entering the United States, the smugglers called Benitez–Augustin and made arrangements to stay at her home. Benitez–Augustin and the codefendants discussed the aliens by referring to them as "pollos," which is a word used to describe aliens who have illegally crossed the border. Benitez–Augustin was asked, and agreed, to let the "pollos" stay at her house until the next day when their relative could come to pay the smuggling fee. During their stay at her home, she fed them and gave them sleeping accommodations. She knew one of the codefendant smugglers and had helped him on prior occasions. Both of the illegal aliens said that they saw the smugglers pay Benitez–Augustin cash, and heard one of the codefendants say that he was paying her for letting them spend the night at her house. When police searched Benitez–Augustin's house, they found four $20 bills and one $100 bill inside her purse.

The defense attorney suggests that there was no evidence the illegal aliens were held against their will, but one alien testified that he was handcuffed by the smugglers, Benitez–August saw him handcuffed, she had the handcuffs removed, but he was not free to go. When police searched Benitez–Augustin's house, they found plastic cord handcuffs in the yard. Force is not a necessary element of the conviction.

Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It was undisputed that Benitez–Augustin harbored two illegal aliens in her home. A rational trier of fact could have found that she knew or was in reckless disregard of the fact that they were not lawfully in the United States, and she knowingly concealed, harbored, or shielded them.

The evidence also supports the conviction for conspiring to harbor illegal aliens. Conspiracy in violation of 8 U.S.C.

§ 1324(a)(1)(a)(v)(I) requires the government to prove the following: 1) there was an agreement between two or more persons to commit at least one of the following offenses, while knowing and in reckless disregard of the fact that aliens had come to, entered, and remained in the United States in violation of law, namely, (a) transporting or moving the aliens (in violation of 8 U.S.C. § 1324(a)(1)(A)(ii)) and (b) concealing, harboring, and shielding said aliens (in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)); and 2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The Government has the burden to prove that a conspiracy existed and that the defendant was a member of the conspiracy. *United States v. Friedman,* 593 F.2d 109, 115 (9th Cir.1979). "Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, *even though the connection is slight,* is sufficient to convict him with knowing participation in the conspiracy." *United States v. Esparza,* 876 F.2d 1390, 1392 (9th Cir.1989) (citing *United States v. Dunn,* 564 F.2d 348, 357 (9th Cir.1977)) (emphasis in original).

■ Here it was undisputed that the codefendants conspired to illegally smuggle the two aliens into the United States and to conceal and harbor them from detection for a fee. Viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, as follows: 1) Benitez–Augustin knew that the two men brought to her home were illegal aliens; 2) she knew of the conspiracy to transport them illegally into the United States, and 3) she acted in furtherance of the conspiracy by harboring them and concealing them in her home.

**AFFIRM.**