**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan GARCIA–JARAMILLO, aka Juan Garcia, Defendant–Appellant.**

No. 05–10618.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Dec. 12, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. See *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

2. See, e.g., *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003).

---

* The Honorable George H. Wu, United States District Judge for the Central District of Cali-

## MEMORANDUM **

Juan Garcia–Jaramillo appeals from his convictions under 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i) for conspiracy to transport, harbor, and bring in illegal aliens for commercial advantage and private financial gain; § 1324(a)(1)(A)(iii) and (a)(1)(B)(i) and 18 U.S.C. § 2 for harboring of illegal aliens for commercial advantage and private financial gain and aiding and abetting; § 1324(a)(1)(A)(ii) and (a)(1)(B)(i) and 18 U.S.C. § 2 for transportation of illegal aliens for commercial advantage and private financial gain and aiding and abetting; and § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 for bringing in illegal aliens for commercial advantage and private financial gain and aiding and abetting.

Garcia–Jaramillo contends that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence of his connection to the conspiracy, his private financial gain, and the alienage of his passengers. He also contends that the district court should have excluded evidence of nine incidents under Federal Rule of Evidence 404(b).

On review of a denial of a motion for judgment of acquittal on the basis of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

" '[O]nce the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy.' " *United States v. Esparza,* 876 F.2d 1390, 1392 (9th Cir.1989) (emphasis omitted) (quoting *United States v. Dunn,* 564 F.2d 348, 357 (9th Cir.1977)). Garcia–Jaramillo's connection to the other members of the conspiracy and to Golden State Bus Lines was more than sufficiently demonstrated.

■ There was also sufficient evidence to prove the alienage of Garcia–Jaramillo's passengers. Maria Canul, a material witness who was detained during the May 2001 house raid, testified at trial that she entered the United States illegally along with several other individuals from her hometown in Mexico. The other forty-seven individuals found in the house lacked documentation and were returned to Mexico. Furthermore, Garcia–Jaramillo referred to his passengers as "pollos," a slang term for illegal aliens. Also, the passengers were transported under suspicious circumstances. *See United States v. Pena–Gutierrez,* 222 F.3d 1080, 1089–90 (9th Cir.2000); *United States v. Barajas–Montiel,* 185 F.3d 947, 954–55 (9th Cir. 1999).

■ Finally, there was sufficient evidence that Garcia–Jaramillo acted for the purpose of private financial gain. He was found in possession of envelopes containing thousands of dollars and bearing the names of cities, phone numbers, and amounts, and his name was found in a ledger showing that he was due smuggling fees.

fornia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court did not abuse its discretion in admitting evidence of Garcia–Jaramillo's uncharged conduct. *See United States v. Lillard,* 354 F.3d 850, 853 (9th Cir.2003). Such evidence was admissible either as inextricably intertwined with evidence of the underlying conspiracy, *see id.* at 854–55, or as evidence of intent, absence of mistake, knowledge, and common scheme or plan under Federal Rule of Evidence 404(b).

The conviction is AFFIRMED.